IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE NATIONAL FEDERATION OF THE BLIND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 18-01568 (TDC)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Pursuant to this Court's November 6, 2018 Order, *see* Order, ECF No. 28, Plaintiffs, the National Federation of the Blind, the Council of Parent Attorneys and Advocates, Inc., and the National Association for the Advancement of Colored People ("Plaintiffs"), and Defendants, the United States Department of Education ("ED"), Betsy DeVos, in her official capacity as Secretary of ED, and Kenneth L. Marcus, in his official capacity of Assistant Secretary for Civil Rights[1] (collectively, "ED") respectfully submit this Joint Status Report to inform the Court about the status this case.  The parties state the following:

**Plaintiffs' Statement**

1. On May 31, 2018, Plaintiffs filed this action against ED, challenging the agency's decision to amend and/or modify certain provisions of its Case Processing Manual ("CPM") as published on March 5, 2018.  *See generally* Compl., ECF No. 1.  Specifically, the two CPM provisions that were the focus of Plaintiffs' Complaint are (1) section 108(t), which is one of several grounds

---

[1] Pursuant to Rule 25(d), Kenneth L. Marcus, in his official capacity as Assistant Secretary for Civil Rights, is substituted for Acting Assistant Secretary for Civil Rights, Candice Jackson.

pursuant to which the Office for Civil Rights ("OCR") dismisses complaints submitted to OCR, and (2) the removal of the appeals procedures set forth in prior publications of the CPM.

2. Plaintiffs note that ED has not publicly announced its decision to cease using section 108(t) as a basis for dismissing complaints publicly, and it is not clear that such a policy has been announced internally. In addition, contrary to Defendants' previous assertions to this Court and to Plaintiffs that it ceased relying upon section 108(t) as a basis for dismissing complaints on May 9, 2018, section 108(t) has been used as a basis for dismissing complaints under section 108(k), because a similar complaint was previously dismissed under section 108(t) at least as recently at June 11, 2018.

3. On August 3, 2018, Defendants sought, and Plaintiffs agreed to, an extension of their time to Answer from August 6, 2018 to August 24, 2018. Defendants' Consent Motion to Extend Time to Respond to Plaintiffs' Complaint, ECF 18. This Court granted the motion on August 7, 2018. Order, ECF 19.

4. On August 14, 2018, pursuant to this Court's Case Management Order, Plaintiffs requested a pre-motion conference and permission to file a Motion for Preliminary Injunction. Notice Regarding Filing of Motion for Preliminary Injunction, ECF 20. The Court scheduled the pre-motion conference for August 29, 2018. Paperless Notice, ECF 21.

5. On August 24, 2018, Defendants requested an additional 30 days to respond to Plaintiffs' Complaint, to September 24, 2018. Defendants' Second Consent Motion to Extend Time to Respond to Plaintiffs' Complaint, ECF 22. On August 29, 2018, this Court granted the extension to September 28, 2018 and required the parties to file a Joint Status Report by that date. Order, ECF 24.

6. On August 29, 2018, this Court held a status conference to discuss, among other things, Plaintiffs' letter motion requesting the Court's permission to file a preliminary injunction motion. During the August 29, 2018 status conference, the parties requested, and the Court agreed, to provide the parties additional time to determine whether they are able to resolve this matter outside of litigation.

7. Counsel for the parties engaged in settlement negotiations between August 30 and November 15, including a meeting on September 25, 2018, calls on October 4, 2018, October 18, 2018, October 15, 2018, October 18, 2018, and November 15, 2018, and multiple email exchanges. Plaintiffs provided a list of settlement principles on September 4, 2018 and settlement discussions proceeded regarding these principles.

8. The parties filed a Joint Status Report on September 28, 2108 noting their "productive discussions" and requesting an extension of the stay until November 5, 2018 to "continue their efforts to resolve this matter outside of litigation." Joint Status Report ¶¶ 6-7, ECF 25. On October 1, 2018, the Court issued an Order that, *inter alia*, directed the parties to file a Joint Status Report informing the Court of the status of the parties' efforts to resolve this matter outside of litigation on or before November 5, 2018.  *See* Order at 2.

9. Defendants, through their counsel, on October 31, 2018, proposed that the parties enter into a stipulation pursuant to which Defendants would take steps to meet Plaintiffs' settlement demands. Plaintiffs agreed to consider such a stipulation depending on the detailed commitments therein. Defendants' Counsel agreed to draft a proposed stipulation for Plaintiffs' review. On this basis, Plaintiffs agreed to join Defendants in requesting a two-week stay to allow Defendants to draft the stipulation, and allow the Parties to negotiate the details of the stipulation.

10. On November 5, 2018, the Parties again reported to the Court that, through their counsel, they had had "productive discussions" in an effort "to resolve this matter outside of litigation" and requested two additional weeks, *i.e.*, until November 19, 2018, to continue their discussions "to establish a mechanism with which to resolve this matter outside of litigation or, at least … substantially narrow the issues that remain to be litigated." Joint Status Report ¶ 7, ECF 27. This Court granted the parties until November 19, 2018 to continue their discussions. Order, ECF 28.

11. On November 13, 2018, having not received a draft stipulation from Defendants, Plaintiffs' Counsel requested an update from Defendants' Counsel by email. Defendants' Counsel responded that she expected to provide a draft in the morning of November 15 and arranged a call with Plaintiffs' Counsel for November 15 at 2:00 PM.

12. Defendants' Counsel did not provide a draft stipulation and, instead, during her call with Plaintiffs' Counsel at 2:00 PM November 15, informed Plaintiffs' Counsel that Defendants were unwilling to offer any stipulation or to enter into any agreement to resolve this matter. Instead, Defendants' Counsel stated that Defendants plan to release a revised Case Processing Manual, plan to send letters to complainants and respondents whose complaints were dismissed pursuant to section 108(t), and to open some unspecified directed investigations on November 19, 2018, the date the parties' joint status report is due to this Court.

13. As stated below, Defendants now inform the Court that the complaints of at least five individuals were dismissed pursuant to section 108(t) and section 108(k) and that it will send letters to those individuals today, but it will not inform the 682 respondent schools that were dismissed pursuant to sections 108(t) and 108(k) that Defendants intend to open investigations into those complaints until later; namely 99 respondents will be informed during the week of November 26-30 and the remaining 583 dismissed respondents will be informed sometime after December 3.

Those investigation will not be opened immediately, but will, according to Defendants, begin sometime before November 30, 2019 for the 99 respondents and sometime before April 15, 2019 for the 583.

14. Plaintiffs submit that Defendants and their Counsel have misled both Plaintiffs and this Court by seeking continual extensions purportedly on the basis of their efforts to negotiate a resolution of this matter without further litigation.  Defendants asserted in communications with Plaintiffs' Counsel and in filings to this Court, that they have not had sufficient time to Answer (due to an office move, litigation demands of other cases, and the recent arrival of Mr. Marcus) or to draft a stipulation, despite having proposed it themselves and assured Plaintiffs that it was coming.  Contrary to those assertions, Defendants instead used their time to attempt, unsuccessfully, to moot out Plaintiffs' case, while wasting Plaintiffs' time in a one-sided "negotiation."

15. Therefore, Plaintiffs ask this Court to 1) lift the stay effective immediately, and 2) order Defendants to file their Answer by November 26, 2018 (179 days after the Complaint was filed). A proposed order is attached to this Joint Status Report.

**Defendants' Statement**

1. On May 31, 2018, Plaintiffs filed this action against ED, challenging the agency's decision to amend and/or modify certain provisions of its Case Processing Manual ("CPM") as published on March 5, 2018.  *See generally* Compl., ECF No. 1.  Specifically, the two CPM provisions that are the focus of Plaintiffs' Complaint are (1) section 108(t), which is one of several grounds pursuant to which the Office for Civil Rights ("OCR") dismisses complaints submitted to OCR, and (2) the removal of the appeals procedures set forth in prior publications of the CPM.

2. On May 9, 2018, prior to the filing of Plaintiffs' Complaint, OCR ceased using section 108(t) as a basis for dismissing complaints. *See* Defs.' Second Consent Mot. for Extension of Time ¶ 4, ECF No. 22 (Aug. 24, 2018).[2] Between March 5, 2018, and May 9, 2018, the vast majority of the complaints that OCR dismissed pursuant to section 108(t) were filed by one individual alleging web accessibility issues for individuals with disabilities. *See id.*

3. Between May and June 2018, OCR held three webinars on web accessibility to assist schools, districts, state educational agencies, libraries, colleges, and universities in making their websites and online programs accessible to individuals with disabilities. *See id.* ¶ 5. The three webinars addressed many of the issues raised in the complaints dismissed under section 108(t), including recipient design decisions that make their online programs, services, and activities inaccessible to individuals with disabilities. *Id.* Approximately 2100 recipients participated in the three webinars hosted by OCR. *Id.*

4. On June 7, 2018, after the filing of the Complaint in this matter, the United States Senate confirmed Kenneth L. Marcus as Assistant Secretary for Civil Rights. *See id.* ¶ 3. Defendants assert that Assistant Secretary Marcus intends to revise the March 5, 2018 CPM. *See id.* Among the revisions that he has told this Court that he intends to make are (1) the deletion of section 108(t), and (2) establishing a new appeals process. *See id.*

5. On August 29, 2018, this Court held a status conference to discuss, among other things, Plaintiffs' letter motion requesting the Court's permission to file a preliminary injunction motion.

---

[2] In addition, OCR dismissed three complaints under 108(k) because a previous complaint had been dismissed under section 108(t). Section 108(k) of the CPM provides that OCR will dismiss a "complaint filed by the complainant or someone other than the complainant against the same recipient [if the complaint] raises the same or similar allegation(s) based on the same operative facts that [were] previously dismissed by OCR pursuant to subsections 108(a), (e), (g)(ii), (i), (l), (n), (r), (s), (t), or (u)." One of these 108(k) dismissals occurred on June 11, 2018, after OCR ceased using section 108(t) as a ground for dismissal.

During the August 29, 2018 status conference, the parties requested, and the Court agreed, to provide the parties additional time to determine whether they are able to resolve this matter outside of litigation. Since the August 29, 2018 status conference, the Court has granted the parties' two requests for additional time to determine whether the parties were able to resolve this matter outside of litigation. *See* Orders, ECF Nos. 26, 28. During that time, counsel for the parties had one in-person meeting and several telephone conferences to discuss a possible settlement.

6. During the same time, ED has worked diligently to revise the March 2018 CPM and to determine what if any additional action it would take to ensure compliance with web accessibility requirements. As a result of ED's hard work during this time, it now reports through its counsel that as of today, November 19, 2018, OCR has:

    a. Prepared and will send today, letters to five (5) complainants whose complaint(s) were dismissed under section 108(t) and 108(k), explaining that OCR will initiate directed investigations into the allegations in the dismissed complaints, and that OCR has published a new, amended CPM;

    b. Prepared and will publish today, a new, amended CPM that, *inter alia*, does not include section 108(t) and includes a new appeals process.

    c. Prepared and will send beginning the week of November 26, 2018, letters to each of the 99 recipients that were named in complaints dismissed under section 108(t) and 108(k) and attended one of the three webinars, informing the recipient that OCR will open a directed investigation within one (1) year from the date of the webinar to determine if the allegations in the complaint have been resolved;

    d. Prepared and will send beginning the week of December 3, 2018, letters to each of the 583 recipients that were named in complaints dismissed under section 108(t) and 108(k)

and did not attend one of the three webinars, informing the recipient that OCR will initiate a directed investigation into the allegations raised in the complaint, between December 15, 2018, and April 15, 2019.

7. ED and its counsel strenuously object to Plaintiffs' counsel's assertion that either the agency or its counsel negotiated in bad faith during the time that this Court granted the parties to explore whether this matter could be resolved outside of litigation. As early as August 24, 2018, ED, through its counsel, explained to both the Court and Plaintiffs that the agency intended to "begin to revise the CPM, and assess the impact of the three webinars" ED held in May and June 2018. Second Consent Mot. for Extension of Time ¶ 6, ECF No. 22 (Aug. 24, 2018). Counsel for ED reiterated the agency's intent to begin revising the CPM and assess the impact of its May and June 2018 webinars during the August 29, 2018 status conference. *See, e.g.*, Joint Status Report ¶¶ 5-6, ECF No. 25 (Sept. 28, 2018) (summarizing August 29, 2018 status conference and including parties' joint request for additional time to determine whether this matter may be resolved outside of litigation). It defies logic that ED's earlier-than-expected publication of the new CPM or any of the other actions that it decided to take as part of its ongoing "assessment" of the underlying web accessibility issues constitutes bad faith on either the agency's or its counsel's part.

8. It is Defendants' view that as a result of its actions, which provide Plaintiffs the same relief that Plaintiffs requested in their Complaint, *see* Compl. Prayer for Relief, ECF No. 1, this lawsuit is now moot and should be dismissed. *See, e.g.*, *Cicero v. Lew*, 190 F. Supp. 3d 16, 25 (D.D.C. 2016) (Treasury's decision to withdraw Notices "yields the same outcome as *vacatur* ordered by this Court, [that is,] Plaintiffs have obtained what they have asked for, and no live controversy remains.").

Dated: November 19, 2018                            Respectfully submitted,

| | |
|---|---|
| /s/ Eve L. Hill<br>EVE L. HILL<br>BROOKE E. LIERMAN<br>Brown, Goldstein & Levy, LLP<br>120 East Baltimore Street<br>Suite 1700<br>Baltimore, MD  21202<br>Tel: (410) 962-1030<br>Fax: (410) 385-0869<br>ehill@browngold.com<br>blierman@browngold.com<br>*Counsel for Plaintiffs* | JOSEPH H. HUNT<br>Assistant Attorney General,<br>Civil Division<br><br>CARLOTTA WELLS<br>Assistant Branch Director<br><br>/s/ Tamra T. Moore<br>TAMRA MOORE<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 305-8628<br>Fax: (202) 305-8517<br>Tamra.Moore@usdoj.gov<br><br>*Counsel for Defendants* |