**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THE NATIONAL FEDERATION OF THE BLIND, et al. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 18-01568 (TDC) |

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**
**FOR INJUNCTIVE AND DECLARATORY RELIEF**

Defendants, Elisabeth D. DeVos, in her official capacity as Secretary of Education, Kenneth L. Marcus, in his official capacity as Assistant Secretary for Civil Rights, and U.S. Department of Education ("ED"), hereby answer Plaintiffs' Second Amended Complaint for Injunctive Relief (ECF No. 63) as follows:

1.    Paragraph 1 constitutes Plaintiffs' characterization of the action, not allegations of fact to which a response is required. To the extent a response is required, admit.

2.    Paragraph 2 constitutes Plaintiffs' characterization of Defendant's Office for Civil Rights (OCR), not allegations of fact to which a response is required.  To the extent a response is required, admit.

3.    Paragraph 3 constitutes Plaintiffs' characterization of OCR, not allegations of fact to which a response is required.  Defendants respectfully refer the Court to OCR's website for a full and accurate description of its mission. *See* https://www2.ed.gov/about/offices/list/ocr/index.html

4.    Paragraph 4 constitutes Plaintiffs' characterization of a Supreme Court case, not allegations of fact to which a response is required.  Defendants respectfully refer the

Court to the cited case for a full and accurate account of its contents.

5.    Paragraph 5 contains conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, denied.

6.    Sentence one in paragraph 6 is denied except to admit that OCR issued a Case Processing Manual (CPM) on March 5, 2018.  Sentence two constitutes Plaintiffs' characterization of the March 5, 2018 CPM.  Defendants respectfully refer the Court to the CPM for a full and accurate statement of its contents. *See* https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm-201803.pdf

7.    Sentence one of paragraph 7 constitutes Plaintiffs' characterization of this action, not allegations of fact to which a response is required.  Sentence two constitutes Plaintiffs' characterization of the parties' prior settlement discussions and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit that two extensions of time were requested and unopposed.  Defendants admit sentence three.

8.    Paragraph 8 constitutes Plaintiffs' characterization of prior settlement discussions and not allegations of fact to which a response is required.  To the extent a response is required, denied except to admit that the parties did seek extensions of time to continue settlement discussions.

9.    Paragraph 9 constitutes Plaintiffs' characterization of prior settlement discussions and not allegations of fact to which a response is required.  To the extent a response is required, denied.

10.    Sentences one, two and three of paragraph 10 constitute Plaintiffs' characterization of OCR's CPM issued on November 19, 2018, and not allegations of fact to which a response is required.  Defendants respectfully refer the Court to the November 19, 2018 CPM for a full and accurate statement of its contents.  *See* https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.pdf.  Sentence 4 contains a conclusion of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

11.     Paragraph 11 contains conclusions of law and Plaintiffs' characterizations of their request for relief, not allegations of fact to which a response is required. To the extent that a response is required, denied.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one, two, three and four in paragraph 13.  The allegations in sentence five are denied, except to admit that NFB has filed complaints with OCR on behalf of its members in the past.  The allegations in sentences six, seven, eight and nine are admitted.  The allegation in sentence ten is denied.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one, two, three and four of paragraph 14.  The allegations in sentences five, six and seven are denied, except to admit that Joy and Paul Orton have filed complaints with OCR.  Sentence eight contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent a response is required, denied.

15.     The first and second sentences of paragraph 15 are denied, except to admit that Noah Al Hadidi filed two complaints with OCR, one alleging discrimination and one alleging retaliation.  The third sentence contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent a response is required, denied.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Sentences one and four of paragraph 19 are conclusions of law and not allegations of fact

to which a response is required.  To the extent a response is required, denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three, except Defendants admit that Katie Kelly has filed complaints with OCR on behalf of students with disabilities and their parents.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. The first sentence in paragraph 22 is admitted.  Defendants deny the allegations in sentences two and three.

23. Sentences one, two and three of paragraph 23 are admitted.  Sentences four and five are denied, except to admit that Mr. Brown was informed he did not have a right to appeal.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 24.  Defendants admit the allegations in sentence two.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Paragraph 26 constitutes Plaintiffs' characterization of the NAACP's advocacy activities and not allegations of fact to which a response is required.  To the extent a response is required, denied except to admit that the NAACP litigates civil rights cases.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Sentences one and six of paragraph 29 are conclusions of law and not allegations of fact to which a response is required.  To the extent a response is required, denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two. Defendants admit the allegations in sentences three, four and

five.

30.     Paragraph 30 contains conclusions of law and not allegations of fact to which a response
        is required.  To the extent a response is required, denied.

31.     Defendants are without knowledge or information sufficient to form a belief as to the
        truth of the allegations in sentence one of paragraph 31.  Sentence two is admitted..

32.     Defendants deny the allegations contained in paragraph 32.

33.     Paragraph 33 contains conclusions of law and not allegations of fact to which a response
        is required.  To the extent a response is required, denied.

34.     Defendants are without knowledge or information sufficient to form a belief as to the
        truth of the allegations in paragraph 34.

35.     Defendants are without knowledge or information sufficient to form a belief as to the
        truth of the allegations of paragraph 35.

36.     Defendants are without knowledge or information sufficient to form a belief as to the
        truth of the allegations of paragraph 36.

37.     Paragraph 37 contains conclusions of law and not allegations of fact to which a response
        is required.  To the extent a response is required, denied.

38.     Paragraph 38 is admitted.

39.     Paragraph 39 constitutes Plaintiffs' characterization of the Secretary of Education's
        duties and not allegations of fact to which a response is required.  To the extent that a
        response is required, denied except to admit that Secretary DeVos is responsible for
        administering her duties in accordance with the law.

40.     Paragraph 40 constitutes Plaintiffs' characterization of the Assistant Secretary for Civil
        Rights' duties and not allegations of fact to which a response is required.  To the extent
        that a response is required, denied except to admit that Kenneth L. Marcus is the
        Assistant Secretary for Civil Rights and is responsible for administering his duties in
        accordance with the law.

41.     Paragraph 41 contains conclusions of law and not allegations of fact to which a response

is required.  To the extent a response is required, denied.

42.     Paragraph 42 contains conclusions of law, not allegations of fact to which a response is required.  To the extent a response is required, denied.

43.     Paragraph 43 contains conclusions of law, not allegations of fact to which a response is required.  To the extent a response is required, denied.

44.     Paragraph 44 constitutes Plaintiffs' characterization of the cited legal provision and not an allegation of fact to which a response is required.  To the extent a response is required, admit that this statute states that "[t]he head of an Executive department . . . may prescribe regulations for the government of his department, [and] the conduct of its employees. . . ." Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents.

45.     Paragraph 45 constitutes Plaintiffs' characterization of the APA and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit that the APA requires agencies to comply with its rule-making requirements when issuing a rule as defined by the statute.  Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents.

46.     Paragraph 46 constitutes Plaintiffs' characterization of the cited section of the APA and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit that this paragraph quotes portions of 5 U.S.C. § 706(2)(A). Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents.

47.     Paragraph 47 constitutes Plaintiffs' characterization of the cited section of the APA and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit that the cited APA section sets forth the process for rule making which includes publication in the Federal Register.  Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents.

48.     Paragraph 48 constitutes Plaintiffs' characterization of the cited section of the APA and

not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit that the cited APA section sets forth the process for rule making which includes publication in the Federal Register.  Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents.

49.     Paragraph 49 constitutes Plaintiffs' characterization of the cited section of the APA and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit that the cited APA section sets forth who may be entitled to judicial review and provides a waiver of sovereign immunity under the terms of that provision.  Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents.

50.     Paragraph 50 contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent a response is required, denied.

51.     Paragraph 51 constitutes Plaintiffs' characterization of the cited statute and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit this paragraph.  Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents.

52.     Paragraph 52 constitutes Plaintiffs' characterization of the cited statute and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit this paragraph.  Defendants respectfully refer the Court to the cited legal provision for a full and accurate statement of its contents. .

53.     Paragraph 53 is admitted.  Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents.

54.     Sentence one of paragraph 54 constitutes Plaintiffs' characterization of the cited statute and not allegations of fact to which a response is required.  To the extent a response is required, Defendants admit. Sentence two is denied, except to admit that the cited regulation states that the procedural provisions applicable to Title VI apply.  Defendants respectfully refer the Court to the cited legal provisions for a full and accurate statement

of their contents.

55.     Paragraph 55 is admitted.

56.     Paragraph 56 is denied, except to admit that the 2015 CPM Introduction states "[t]he
        mission of the Office for Civil Rights (OCR) is to ensure equal access to education and to
        promote educational excellence throughout the nation through vigorous enforcement of
        civil rights.  The Case Processing Manual (CPM) provides OCR with the procedures to
        promptly and effectively investigate and resolve complaints, compliance reviews and
        directed investigations to ensure compliance with the civil rights laws enforced by OCR
        language."  Defendants respectfully refer the Court to the 2015 CPM for a full and
        accurate statement of its contents.  *See*
        https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm-201502-v1-2.pdf

57.     Paragraph 57 is admitted. Defendants respectfully refer the Court to Section 108 of the
        2015 CPM for a full and accurate statement of its contents.

58.      Paragraph 58 is admitted. . Defendants respectfully refer the Court to Section 110 of the
        2015 CPM for a full and accurate statement of its contents.

59.     Sentence one of paragraph 59 is denied, except to admit that the 2015 CPM did not
        include a mandatory dismissal provision simply because the same complainant had filed
        more than one complaint or because the complaint included multiple alleged
        discriminators.  Sentence two is denied, except to admit that Section 110(j) of the 2015
        CPM permitted the closure of a complaint where a prior complaint was found to be
        meritless.  Defendants respectfully refer the Court to Section 110(j) of the 2015 CPM for
        a full and accurate statement of its contents.

60.     Paragraph 60 is admitted.  Defendants respectfully refer the Court to Sections 303 and
        306 of the 2015 CPM for a full and accurate statement of their contents.

61.     Paragraph 61 is denied, except to admit OCR issued a CPM on March 5, 2018 which
        replaced the 2015 CPM.  Defendants respectfully refer the Court to the March 5, 2018
        CPM for a full and accurate statement of its contents.  *See*

https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm-201803.pdf.

62. Sentences one and three of paragraph 62 are admitted.  Sentence two is denied, except to admit that Section 108(t) provided for mandatory dismissal of certain complaints. Defendants respectfully refer the Court to Section 108(t) of the March 5, 2018 CPM for a full and accurate statement of its contents.

63. Paragraph 63 is denied, except to admit the allegations in sentence four.  Defendants respectfully refer the Court to Section 108(t) of the March 5, 2018 CPM for a full and accurate statement of its contents.

64. Sentence one of paragraph 64 constitutes Plaintiffs' characterization of the effect of the March 5, 2018 CPM and not an allegation of fact to which a response is required.  To the extent a response is required, Defendants respectfully refer the Court to the March 5, 2018 CPM for a full and accurate statement of its contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentences two and three.

65. Paragraph 65 is denied, except to admit that the March 5, 2018 CPM did not go through notice and comment rulemaking.  Defendants respectfully refer the Court to Section 108(t) of the March 5, 2018 CPM for a full and accurate statement of its contents.

66. Paragraph 66 is denied, except to admit that whether a complaint was an unreasonable burden on OCR's resources was a factor considered under Section 108(t) of the March 5, 2018 CPM.  Defendants respectfully refer the Court to Section 108(t) of the March 5, 2018 CPM for a full and accurate statement of its contents.

67. Paragraph 67 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

68. Paragraph 68 is admitted.  Defendants respectfully refer the Court to Section 108(k) of the March 5, 2018 CPM for a full and accurate statement of its contents.

69. Paragraph 69 contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent that a response is required, denied.

70.     Paragraph 70 contains conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is required, denied.

71.     Paragraph 71 contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent that a response is required, denied.

72.     The allegations in paragraph 72 are denied except to admit that between March 5, 2018 and May 9, 2018, OCR dismissed nearly 700 complaints filed by five individuals alleging web accessibility issues for persons with disabilities under Section 108(t) and that between May 2018 and June 11, 2018, OCR dismissed three website accessibility complaints pursuant to Section 108(k) because OCR had previously dismissed similar complaints against the same recipient under Section 108(t).

73.     Paragraph 73 contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent that a response is required, denied.

74.     Paragraph 74 is denied except to admit that the March 5, 2018 CPM did not include an appeals provision.

75.     The first sentence in Paragraph 75 is denied, except to admit that the 2015 CPM provided complainants an opportunity to appeal a finding of insufficient evidence in Section 303(a).  The allegations in sentences two and three are admitted.  Defendants deny the allegations in sentence four.

76.     Paragraph 76 contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent that a response is required, denied.

77.     Paragraph 77 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

78.     Paragraph 78 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

79.     Paragraph 79 contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent that a response is required, denied.

80.     The allegations in sentence one of paragraph 80 are denied except to admit that the

November 19, 2018 CPM replaced the March 5, 2018 CPM.  The allegations in sentence two are denied except to admit that the November 19, 2018 CPM eliminated 108(t) as a basis for dismissing complaints and included a new provision allowing for complainant appeals.  Defendants respectfully refer the Court to the November 19, 2018 CPM for a full and accurate statement of its content  *See*

https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.pdf

81.   Paragraph 81 constitutes Plaintiffs' characterization of the November 19, 2018 CPM and not allegations of fact to which a response is required.  To the extent that a response is required, denied except to admit that the November 19, 2018 CPM includes Section 108(l).  Defendants respectfully refer the Court to the November 19, 2018 CPM for a full and accurate statement of its contents.

82.   Paragraph 82 contains a conclusion of law and not an allegation of fact to which a response is required.  To the extent that a response is required, denied.

83.   Paragraph 83 is denied.  Defendants respectfully refer the Court to the November 19, 2018 CPM for a full and accurate statement of its contents.

84.   Paragraph 84 constitutes Plaintiffs' characterization of the November 19, 2018 CPM and Assistant Secretary Marcus' declaration, not allegations of fact to which a response is required.  To the extent that a response is required denied, except to admit that OCR sent letters to complainants "explaining that OCR will be initiating a directed investigation into the allegations raised in their complaints and that OCR has published a revised CPM."  Defendants respectfully refer the Court to the November 19, 2018 CPM and the declaration for a full and accurate statement of their contents. *See* ECF No. 49-2.

85.   Sentence one of paragraph 85 constitutes Plaintiffs' characterization of Assistant Secretary Marcus' declaration and not an allegation of fact to which a response is required.  To the extent a response is required, Defendants admit the allegations in sentences one and two and deny the allegations in sentence three.  Defendants respectfully refer the Court to the declaration for a full and accurate statement of its

contents.  *See* ECF No. 49-2.

86.    Paragraph 86 constitutes Plaintiffs' characterization of the November 19, 2018 CPM and

not allegations of fact to which a response is required.  To the extent a response is

required, denied except to admit that the November 19, 2018 CPM contains Sections 104,

105, 302(b), 302(c), 303(e), 303(h), 307, 601-604.  Defendants respectfully refer the

Court to the November 19, 2018 CPM for a full and accurate statement of its contents.

87.    Paragraph 87 constitutes Plaintiffs' characterization of the November 19, 2018 CPM and

not allegations of fact to which a response is required.  To the extent a response is

required, denied except to admit that the quoted language is a portion of Section 402 of

the November 19, 2018 CPM.  Defendants respectfully refer the Court to Article IV of

the November 19, 2018 CPM for a full and accurate statement of its contents.

88.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in the first sentence of paragraph 88.  Sentence two is a conclusion

of law and not an allegation of fact to which a response is required.  To the extent a

response is required, denied.

89.    Defendants deny the allegations in sentence one of paragraph 89.  Sentence two contains

conclusions of law and not allegations of fact to which a response is required.  To the

extent that a response is required, denied.

90.    Paragraph 90 contains conclusions of law and not allegations of fact to which a response

is required. To the extent that a response is required, denied.

91.    The first and third sentences of paragraph 91 contain conclusions of law and not

allegations of fact to which a response is required.  To the extent that a response is

required, denied. Defendants admit the allegations in sentence two.

92.    Defendants hereby respond and incorporate by reference their response to paragraphs 1

through 92.

93.    Paragraph 93 contains a conclusion of law and not allegations of fact to which a response

is required.  To the extent that a response is required, denied.

94.     Paragraph 94 contains a conclusion of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

95.     Paragraph 95 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

96.     Paragraph 96 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

97.     The allegations in sentences one, two, and three of paragraph 97 constitute Plaintiffs' characterizations and conclusions from ED's Fiscal Year 2018 Budget Request and the 2015 CPM, not allegations of facts to which a response is required.  To the extent a response is required, denied except to admit that the 2015 CPM permitted OCR to dismiss certain complaints.  Sentence 4 is denied, except to admit that the referenced document does indicate that OCR dismissed 58% of the complaints it received.

98.      Paragraph 98 is admitted.  Defendants respectfully refer the Court to cited Consolidated Appropriations Act of 2018 and ED's FY 2018 Budget Request for a true and accurate statement of their contents.

99.     Paragraph 99 contains a conclusion of law and not allegations of fact to which a response is required.  To the extent a response is required, denied.

100.    Paragraph 100 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

101.    Paragraph 101 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

102.    Paragraph 102 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

103.    Paragraph 103 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

104.    Paragraph 104 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

105.   Paragraph 105 contains conclusions of law, and not allegations of fact to which a
       response is required.  To the extent that a response is required, denied.

106.   Paragraph 106 contains conclusions of law, not allegations of fact to which a response is
       required.  To the extent that a response is required, denied.

107.   Defendants hereby respond and incorporate by reference their response to paragraphs 1
       through 107.

108.   Paragraph 108 contains conclusions of law and not allegations of fact to which a response
       is required.  To the extent that a response is required, denied.

109.   Paragraph 109 contains conclusions of law and not allegations of fact to which a response
       is required.  To the extent that a response is required, denied

110.   Paragraph 110 contains conclusions of law and not allegations of fact to which a response
       is required.  To the extent that a response is required, denied.

111.   Paragraph 111 contains conclusions of law and not allegations of fact to which a response
       is required.  To the extent that a response is required, denied.

112.   Sentences one and two of paragraph 112 are denied, except to admit that the 2015 CPM
       permitted OCR to dismiss certain complaints.  Sentence three is denied, except to admit
       that the referenced document does show that OCR dismissed 58% of the complaints it
       received. Defendants respectfully refer the Court to the cited Budget Request for a true
       and accurate statement of its contents.

113.   Paragraph 113 consists of Plaintiffs' characterization of the Consolidated Appropriations
       Act of 2018 and ED's FY 2018 Budget Request and not allegations of fact to which a
       response is required.  To the extent a response is required, admit.  Defendants
       respectfully refer the Court to Consolidated Appropriations Act of 2018 and ED's FY
       2018 Budget Request for a true and accurate statement of their contents.

114.   Paragraph 114 contains conclusions of law and not allegations of fact to which a response
       is required.  To the extent that a response is required, denied.

115.   Paragraph 115 contains conclusions of law and not allegations of fact to which a response

is required.  To the extent that a response is required, denied.

116.   Defendants hereby respond and incorporate by reference their response to paragraphs 1 through 116.

117.   Paragraph 117 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

118.   Paragraph 118 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

119.   Paragraph 119 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

120.   Paragraph 120 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

121.   Sentence one of paragraph 121 is denied, except to admit that the CPM was not required to go through notice and comment rulemaking under the APA.  Sentence two is denied.

122.   Paragraph 122 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

123.   Paragraph 123 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

124.   Paragraph 124 contains conclusions of law and not allegations of fact to which a response is required.  To the extent that a response is required, denied.

The remainder of the second amended complaint consists of Plaintiffs' requests for relief and not allegations of fact to which a response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested, or any relief whatsoever.

Defendants deny each and every allegation of Plaintiff's Second Amended Complaint not admitted, denied, or otherwise qualified herein.

Dated: October17, 2019                              Respectfully Submitted,

                                                    JOSEPH H. HUNT
                                                    Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

_/s/ Marsha Stelson Edney_
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Rm 11014
Washington, DC 20005
Tel: (202) 514-4520

_Attorneys for Defendants_